UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――x

JOSEPH WATERMAN on behalf of themselves
and other similarly situated individuals,

                Plaintiff,

         v.

BONDED FILTER CO., LLC,

                Defendant.

―――――――――――――――――――――――――――――――x

Civ. Action No.

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Joseph Waterman ("Plaintiff"), by his attorneys Giskan Solotaroff & Anderson LLP, and on behalf of himself and other similarly situated current and former employees of Bonded Filter Co. LLC ("BFC") allege as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated, current and former technicians who worked at BFC and who elect to opt into this action pursuant to the Fair Labor Standards Act (FLSA) ("the Collective Action Members"), 29 U.S.C. § 216 (b), that they are: (i) entitled to unpaid overtime wages from BFC for their work, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

2. Plaintiff also alleges that he, along with a sub-class of current and former BFC technicians who worked in New York State ("New York Class"), is entitled to unpaid overtime wages from BFC and liquidated damages under the New York State Labor Law.

1

3. Plaintiff also alleges that BFC failed to provide him, and the New York Class, the wage statements required by New York Labor Law §195(3).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(1) as a substantial part of the events or omissions giving rise to the claim occurred in this district insofar as Plaintiffs and members of the Class worked in this district for Defendants.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Plaintiff Waterman is an adult individual who resides in Kingston, New York.

8. Defendant Bonded Filter Co., LLC is a Delaware limited liability corporation with its principal place of business in Nashville, Tennessee.

## FACTS

9. BFC provides preventative commercial HVAC maintenance services in New York and throughout the United States. To provide these services, BFC employs technicians in New York and in other states. These technicians spend their days traveling from assignment to assignment and performing maintenance at big box stores and other commercial establishments.

10. Plaintiff Waterman was employed by BFC as a technician from September 2015

to June 2020. Plaintiff Waterman was based at his residence in Kingston, New York.

11.     Up until approximately January 1, 2020, BFC paid Plaintiff and its other technicians in a straightforward manner. Plaintiff and the other technicians, who were not exempt from laws requiring the payment of overtime, received an hourly wage for the hours they worked, which included the time they spent driving from their homes to and from their assignments, up to 40 hours weekly and one and one-half times that wage for hours that exceeded 40 hours per week.

12.     On January 1, 2020, however, BFC changed its payment system to what can be characterized as a "piece rate" system. Technicians were paid a set amount based the size of each HVAC system to be serviced with technicians being paid a higher amount for servicing larger systems and a smaller amount for servicing smaller systems. Technicians also had up to five hours per week deducted for commuting to and from work.

13.     The "piecework" system is permissible under the FLSA and the New York Labor Law provided that the employer pays the piecework employee one and one-half times the employee's average hourly wage, based on the piecework, for hours that exceeded 40 hours per week.

14.      On information and belief, the basis of which is a review of BFC payroll records, in paying its technicians under the piecework system, BFC does not credit its technicians for all hours they worked, shortchanging them for anywhere from one to five hours per week. As a result, BFC's technicians received lower overtime wages than they were entitled to under FLSA and for BFC's technicians employed in New York, lower overtime wages that they were entitled to under the New York Labor Law.

15.     Accordingly, on information and belief, the basis of which is  a review of BFC payroll records, from January 1, 2020 until his termination in June 2020, Plaintiff Waterman

was paid for one to five less overtime hours than the hours he actually worked.

16. In addition, BFC failed to provide Plaintiff Waterman and the New York Class wage statements required by New York Labor Law §195(3).

17. That provision requires employers to provide employees with a statement that contains specific information with each wage payment. For employees paid on a piece rate, the statement must include "the applicable piece rate or rates of pay and number of pieces completed at each piece rate."

18. The wage statements BFC provided Plaintiff Waterman and the New York Class did not include the various rates for the different types of HVAC systems or the number of HVAC systems at each rate the technician had serviced.

## COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of all persons who are or were employed by BFA as technicians and who have not been paid overtime wages at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty per workweek in violation of the FLSA (the "Collective Action Members") at any time since January 1, 2020 to the entry of judgment in this case (the "Collective Action Period").

20. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of BFA, upon information and belief, there are over 500 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

21. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

22. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

23. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    A. Whether BFC employed the Collective Action Members within the meaning of the FLSA;

    B. Whether BFC failed to pay the Collective Action Members one and one-half times the employee's average hourly wage based on the piecework for hours that exceeded 40 hours per week;

    C. Whether BFC's violations of the FLSA are willful as that term is used within the context of the FLSA;

    D. Whether BFC is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees; and

      E.    Whether BFC should be enjoined from violations of the FLSA in the future.

24. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

25. Plaintiff sues on his own behalf and on behalf of the New York Class under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

26. Plaintiff brings New York Labor Law claims on behalf of the New York Class which consists of all persons who are or were employed by BFC as technicians in the State of New York at any time since January 1, 2020, to the entry of judgment in this case (the "Class Period").

27. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of BFC, upon information and belief, there are at least 40 members of the New York Class during the Class Period.

28. The claims of Plaintiff is typical of the claims of the New York Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

29. BFC has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

30. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

31. Plaintiff has the same interests in this matter as all other members of the New York Class and Plaintiff has no interest that is contrary to or in conflict with the members of the Class.

32. Plaintiff's claims are typical of the New York Class.

33. There are questions of law and fact common to the New York Class which predominate over any questions solely affecting the individual members of the New York Class, including but not limited to:

    A. Whether BFC employed the members of the New York Class within the meaning of the New York Labor Law;

    B. Whether BFC failed to pay members of the New York Class one and one-half times the employee's average hourly wage based on the piecework for hours that exceeded 40 hours per week;

    C. Whether BFC failed to provide members of the New York Class the wage statements required by New York Labor Law §195(3):

    D. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees; and

    E. Whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## FIRST CAUSE OF ACTION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.*)

34. For this cause of action, "Plaintiffs" refers to the named Plaintiff and any other

employee of BFC who file individual consents to sue in this action. Plaintiffs allege and incorporate by reference the allegations contained in the foregoing paragraphs.

35. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff Waterman's written consent is attached hereto as Exhibit A and incorporated by reference.

36. At all times relevant to this action, Plaintiffs were employed by BFC within the meaning of the FLSA.

37. At all times relevant to this action, Plaintiffs were engaged in commerce and/or BFC was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

38. BFC willfully failed to pay Plaintiffs one and one-half times the employee's average hourly wage, based on the piecework, for hours that exceeded 40 hours per week;

39. Due to BFC's FLSA violations, Plaintiffs are entitled to recover from BFC, jointly and severally, their unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NEW YORK LABOR LAW §§ 190 *et seq*, 650 *et seq*)

40. Plaintiff alleges and incorporates by reference the foregoing allegations.

41. At all times relevant to this action, Plaintiff and the members of the New York Class were employed by BFC within the meaning of New York Labor Law §§ 2, 190 and 651.

42. BFC willfully violated the rights of Plaintiff and the New York Class by failing to pay them failed to pay members of the New York Class one and one-half times the employee's average hourly wage, based on the piecework, for hours that exceeded 40 hours per week. in violation of the New York Minimum Wage Act, New York Labor Law § 650 *et seq*, and its regulations, N.Y.C.R.R. § 142-2.2.

8

43. Due to BFC's' New York Labor Law violations, Plaintiff and the New York Class are entitled to recover from BFC their unpaid overtime compensation, attorneys' fees and costs pursuant to New York Labor Law §§ 198, 663(1) and the New York State Department of Labor regulations.

### THIRD CAUSE OF ACTION
### (NEW YORK LABOR LAW §§ 195(3), 198(1-d).

43. Plaintiff alleges and incorporates by reference the foregoing allegations.

44. At all times relevant to this action, Plaintiff and the members of the New York Class were employed by BFC within the meaning of New York Labor Law §§ 2, 190 and 651.

45. BFC willfully violated the rights of Plaintiff and the New York Class by failing to provide them with wage statements that included "the applicable piece rate or rates of pay and number of pieces completed at each piece rate."

46. Due to BFC's New York Labor Law violations, Plaintiff and the New York Class are each entitled to recover two hundred fifty dollars for each workday that the violations occurred to a total of five thousand dollars.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Certify this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3);

B. Declare BFC's conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA and the rights of Plaintiff and the New York Class under the New York State Labor Law

C. Award Plaintiff and the Collective Action Members their unpaid overtime compensation under the FLSA;

D. Award Plaintiff and the New York Class their unpaid overtime compensation, pursuant to the New York State Labor Law and the New York State Department of Labor

9

Regulations;

      E.      Award Plaintiff and the Collective Action Members liquidated damages due to BFA's willful failure to pay them overtime compensation pursuant to 29 U.S.C. § 216;

      F.      Award Plaintiff and the New York Class liquidated damages pursuant to New York Labor Law §198(1-a).

      G.      Award Plaintiff and the New York Class damages pursuant to New York Labor law §198 (1-d).

      F.      Award Plaintiff, the Collective Action Members, and the New York Class prejudgment interest;

      G.      Award Plaintiff, the Collective Action Members, and the New York Class attorneys' fees and the costs of this action; and

      H.      Such other relief as the Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
October 27, 2020

                                             Respectfully submitted,

                                             GISKAN SOLOTAROFF
                                             & ANDERSON LLP

                                     By: _____/s/_____

                                             Jason L. Solotaroff
                                             90 Broad Street, 10${}^{th}$ Floor
                                             New York NY 10004
                                             (212) 847-8315
                                             ATTORNEYS FOR PLAINTIFF

Case 7:20-cv-09010-CS   Document 1   Filed 10/27/20   Page 16 of 16